IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-cv-00603-BO-KS

ROBERT VIBAL, )
)
Plaintiff, )
)
v. ) ORDER
)
DATA MORTGAGE, INC. et al., )
)
Defendants. )

This matter is before the Court on the defendants' motions to dismiss for failure to state a claim and lack of jurisdiction. [DE 17]; [DE 40]; [DE 46]. The appropriate responses have been filed, or the time for briefing has elapsed. In this posture, the motions are ripe for disposition. For the following reasons, the motions to dismiss are granted.

BACKGROUND

Plaintiff's claims arise from the foreclosure of property in Cumberland County, North Carolina. [DE 1]. The plaintiff alleges that defendants lacked the proper authority to foreclose the property because the promissory note and deed of trust were allegedly separated, that defendants relied on a fabricated version of the note, and that the defendants misrepresented their authority during the foreclosure process. *Id.* at ¶¶ 15, 18, 20. The plaintiff asks this Court to deem the foreclosure invalid, quiet the title in his favor, enjoin enforcement of the foreclosure, rescind the loan transaction, and award damages. *Id.* at p. 4.

The foreclosure was litigated in North Carolina state court. [DE 1-4]. The Cumberland County Clerk entered an order allowing the foreclosure to continue. *Id.* The plaintiff appealed the matter to the Cumberland County Superior Court, and the state court affirmed the foreclosure. *Id.* In denying plaintiff's appeal, Superior Court Judge Gale M. Adams ordered: "No party has shown

any valid legal reason why foreclosure should not commence." *Id.* at ¶ 15. The foreclosure sale subsequently occurred, and a substitute deed was recorded with the county.

DISCUSSION

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject-matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Iqbal*, 556 U.S. at 671 (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as

true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (cleaned up).

Under the *Rooker-Feldman* doctrine, lower federal courts are barred "from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)). As the Fourth Circuit has explained, an issue is deemed inextricably intertwined when it "was not actually decided by the state court but where success on the . . . claim depends upon a determination that the state court wrongly decided the issues before it." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000).

**A. Motions to Dismiss**

Plaintiff's main claims are direct challenges to the state foreclosure judgment and are therefore barred by the *Rooker-Feldman* doctrine. Plaintiff alleges that the state court should not have authorized the foreclosure because the defendants allegedly lacked standing, possessed an invalid or incomplete note, relied on defective allonges, or made fraudulent representations concerning the debt and their authority to foreclose. [DE 1].

Those arguments were available to plaintiff during the state court proceeding. The state court determined that the requirements for foreclosure had been satisfied and allowed the foreclosure sale to proceed. [DE 41]. To grant the relief plaintiff has requested, this Court would have to invalidate the state court's determination and reverse the foreclosure process. *See e.g., Graham v. Tr. Serv. of Carolina, PLLC*, No. 5:22-CV-00454-M-RN, 2023 WL 3940439 at *9 (E.D.N.C. May 8, 2023), *report and recommendation adopted*, No. 5:22-CV-00454-M, 2023 WL 3936678 (E.D.N.C. June 9, 2023). Plaintiff's claims for injunctive and declaratory relief are also

barred. *Blue Cross & Blue Shield of Maryland, Inc. v. Weiner*, 868 F.2d 1550, 1556 (11th Cir. 1989). The injunction requested would stop or reverse enforcement of a state foreclosure judgment, and the requested declarations would require this Court to determine that the state court erred.

Plaintiff also asserts claims under the Truth in Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA), and the Fair Credit Reporting Act (FCRA).[1] [DE 1]. Although those statutes can support claims unrelated to a state foreclosure judgment, the complaint does not present those claims as independent. Rather, the allegations relevant to those causes of action are connected to the plaintiff's assertion that the foreclosure was invalid because defendants lacked authority to enforce the note and deed of trust.

As pleaded, adjudicating those claims would require this Court to determine that the state court erred in upholding the foreclosure, including by accepting defendants' alleged authority to enforce the note and deed of trust. Because those statutory claims are presented as challenges to the validity of the foreclosure rather than as injuries independent of the state-court judgment, they are inextricably intertwined with that judgment and barred by the *Rooker-Feldman* doctrine. *See e.g., Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 536 (7th Cir. 2004), *as amended on denial of*

---

[1] In support of these claims, plaintiff alleges the following:

> 16. Defendants failed to provide TILA notice of transfer within 30 days under 15 U.S.C. § 1641(g) and omitted disclosures at origination under 15 U.S.C. § 1638(a) and 12 C.F.R. § 1026.18. . . .
>
> Count II: TILA Violations (15 U.S.C. §§ 1635, 1638, 1641(g); 12 C.F.R. § 1026.18) 24. Failure to disclose transfers and endorsements violated TILA; rescission available under 15 U.S.C. § 1635(f).
>
> Count III: RESPA Violations (12 U.S.C. § 2605) 25. Failure to provide transfer notices violated 12 U.S.C. § 2605.
>
> Count IV: FCRA Violations (15 U.S.C. § 1681s-2(b)) 26. Inaccurate reporting without investigation violated 15 U.S.C. § 1681s-2(b).

[DE 1, pp 2–3]. These allegations are bare legal conclusions and fail to state grounds on which relief may be granted, merely reciting relevant federal statutes and the corresponding acts they prohibit or duties they impose.

Additionally, plaintiff's TILA claims are time-barred. His claims for damages under § 1641(g) for failure to provide notice of the loan's transfer and under § 1638(a) for insufficient disclosures at the origination of the loan both arose more than one year before he filed this civil action and are therefore time-barred by § 1640(e). Aside from the fact that plaintiff seeks recission under § 1635 purely as a collateral attack on the state court proceeding, and any claim arising therefrom is barred by the *Rooker-Feldman* doctrine, any right of recission would have expired in 2023 at the latest—no more than three years after the transaction was consummated in 2020. 15 U.S.C. § 1635(f). There is no allegation plaintiff exercised a right of recission before that time.

*reh'g and reh'g en banc* (Aug. 3, 2004). Furthermore, the complaint offers only a few sentences in support of each such claim, none of which is sufficient to state a claim on which relief may be granted.

**B. Plaintiff's Motion for Leave to Amend the Complaint**

Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a plaintiff may amend their pleading once as a matter of course within twenty-one days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). After this time period has expired, amendments under Rule 15(a)(2) are allowed only with the opposing party's written consent or leave of court, which leave should be given freely "when justice so requires." *Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

"Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards[.]" *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). An amendment is therefore futile where the plaintiff fails to state a facially plausible claim, meaning that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

Plaintiff's proposed amended complaint asserts two causes of action: (1) violation of the Fair Credit Reporting Act (FCRA) under 15 U.S.C. § 1681s-2(b), and (2) tortious interference with plaintiff's "federal contracting and business vehicle acquisition relationships." [DE 45-1, p. 3]. He alleges defendant Data Mortgage "engaged in deceptive credit reporting practices, specifically the unauthorized 'splintering' of a single debt obligation into multiple, inaccurate tradelines." *Id.* at

p. 2. "Defendant reported fraudulent, fragmented debt data to credit bureaus . . . Upon formal dispute, Defendant failed to conduct a reasonable investigation, instead verifying the fraudulent data." *Id.*

Three elements are essential to a FCRA claim: "(1) the plaintiff submitted a dispute over the accuracy of information on a credit report to a consumer reporting agency; (2) the agency notified the furnisher of that dispute; and (3) the furnisher failed to conduct a reasonable investigation to determine whether the disputed information can be verified." *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 249 (4th Cir. 2025) (cleaned up). The mere allegation that a furnisher of credit information failed to conduct a reasonable investigation, without more, is conclusory. *Vitalia v. Experian Info. Sols.*, No. 3:23-CV-731-RJC-DCK, 2024 WL 5184311, at *3 (W.D.N.C. Nov. 19, 2024), *report and recommendation adopted sub nom. Vitalia v. Trans Union, LLC*, No. 3:23-CV-00731-RJC-DCK, 2025 WL 40864 (W.D.N.C. Jan. 7, 2025). Plaintiff fails to state a claim because he does not allege "what information [defendants] reported (or failed to report) to the CRAs, or how any such information was inaccurate." *Id.*

Plaintiff's allegation that Data Mortgage "splintered" his single debt obligation into multiple tradelines is unavailing where the "dispute results" document plaintiff attached to the proposed amended complaint [DE 45-1, pp. 13–17] reveals multiple, distinct loans. The Court is without sufficient information to plausibly infer that these loans ought to have been treated as a single obligation, or that defendants failed to conduct a reasonable investigation into the accuracy of the information they furnished to credit reporting agencies in connection with those loans.

Plaintiff's tortious interference claim is preempted. "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish

information to consumer reporting agencies[.]" 15 U.S.C. § 1681t. In support of his tortious interference claim, plaintiff alleges "Defendant's dissemination of false credit information intentionally interfered with Plaintiff's federal contracting and business vehicle acquisition relationships." [DE 45-1, p. 3, ¶ 9]. Plaintiff's tortious interference claim "runs into the teeth of the FCRA preemption provision." *Ross v. F.D.I.C.*, 625 F.3d 808, 813 (4th Cir. 2010). Plaintiff's proposed amended complaint fails to state a claim, and leave to file it is denied as futile.

## CONCLUSION

For the foregoing reasons, the defendants' motions to dismiss [DE 17]; [DE 40]; [DE 46] are GRANTED. Plaintiff's motion to stay the proceedings [DE 27] is DENIED as MOOT. Plaintiff's motion for leave to amend the complaint [DE 45] is DENIED. The complaint is dismissed in its entirety for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine. The Clerk is directed to enter judgment in favor of defendants and close the case.

SO ORDERED, this 19 day of August 2026.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE